FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y.
★ APR 28 2011 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

JIMMY KUHN, on behalf of himself and all others similarly situated,

                                    Plaintiff,

-against-

MORGAN STANLEY SMITH BARNEY LLC

                                   Defendant.

---

CV 11-2072

Index No.

SPATT, J.

CLASS AND COLLECTIVE ACTION COMPLAINT

JURY TRIAL DEMANDED

TOMLINSON, M.J.

Plaintiff Jimmy Kuhn, by his attorneys, alleges this class action complaint for himself and on behalf of all others similarly situated, based upon: (i) his own personal knowledge; (ii) his own acts and the acts and statements of the above-named defendant in which plaintiff participated directly, including the communications with, representations made, and documentation and information provided to plaintiff by defendant in the ordinary course of business; and (iii) the investigation of his counsel. Counsel's investigation conducted on plaintiff's behalf, included, among other things: (i) an analysis of publicly-available news articles and reports; (ii) a review and analysis of public filings, including but not limited to any by defendant; and (iii) other matters of public record. The allegations as to all other matters are based upon investigation by plaintiff's attorneys and research of the applicable law with respect to the claims asserted herein.

## NATURE OF THE ACTION

1. Plaintiff brings this lawsuit as a collective action under the Federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* (the "Collective Claim") and as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and all other persons similarly situated (the

"Class Claim") who suffered damages as a result of the violations of the FLSA, and of the Labor Laws of the State of New York.

2. The persons plaintiff seeks to represent are:

Current and former Financial Advisors (sometimes referred to as "Financial Consultants" and "Securities Brokers,") and/or financial advisor trainees who are or were: (i) employed by defendant in the United States (including the District of Columbia and Puerto Rico) on a commission or salary basis, and to whom defendant failed to pay overtime for work performed in excess of 40 hours per week as required by laws; (ii) were subjected to unlawful deductions from their pay by defendant; (iii) were unlawfully compelled to pay for defendant's business expenses; and/or (iv) were unlawfully charged back for commissions and/or the actual value of stock or other losses allegedly caused by them through simple negligence or through no fault of their own.

The positions in which the persons identified in this paragraph were employed by defendant are collectively referred to herein as "Covered Positions."

3. The groups and classes that plaintiff seeks to represent are:

a. the "Federal Collective Group" that consists of all individuals who were or are employed by defendant in Covered Positions in the United States of America, including the District of Columbia and Puerto Rico, at any time from April 21, 2008, who timely opt-in to any such collective group (the "Federal Eligibility Period"); and

b. the "New York Class" that consists of all individuals, employed by defendants in Covered Positions in the State of New York at any time since April 21, 2008 (the "Class Period").

4. Defendant violated Section 207 of the FLSA, by not paying the Federal Collective Group overtime pay for a work week longer than forty hours.

5. Defendant violated the rights of the New York Class under New York Labor Law and the New York State Labor Department's Codes, Rules and Regulations ("NYCRR") as follows:

    a. Defendant violated 12 NYCRR § 142-2.2 that requires employers to pay non-exempt employees overtime at the rate of one and one-half times the employee's regular salary for all hours worked in excess of 40 hours in any given work week.

    b. Defendant violated New York Labor Law Section 193 by impermissibly deducting monies from the compensation of certain New York Class members to pay for support staff and other overhead expenses.

6. As a result of defendant's violation of the FLSA and New York labor laws, plaintiff and the members of the Federal Collective Group and the New York Class were illegally and grossly under-compensated for their work.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over the claims asserted in this action pursuant to 28 U.S.C. § 1331, federal question jurisdiction, 28 U.S.C. § 1332(d), the Class Action Fairness Act, and 28 U.S.C. § 1367, supplemental jurisdiction of state law claims.

8. Venue is proper under 28 U.S.C § 1391(b)(1) because the defendant is resident in this district, and under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district. Plaintiff is also a resident in this district and worked for defendant in this district.

## PARTIES

9. Plaintiff Jimmy Kuhn is a resident of Suffolk County, New York.

10. During the Federal Eligibility Period and the Class Period plaintiff was employed in a Covered Position by defendant. Plaintiff's primary duty as an employee of defendant was the sale of financial products to his individual clients.

11. During the relevant time period, plaintiff was not a "professional" as defined in 29 C.F.R. § 541.300(a) or in 12 NYCRR § 142-2.14(c)(4)(iii); nor did plaintiff perform executive or administrative functions as defined in 29 C.F.R. § 541.200(a) or 12 NYCRR §§ 142-2.14(c)(4)(i), 142-2.14(c)(4)(ii).

12. During the Federal Eligibility Period and Class Period Defendant Morgan Stanley Smith Barney LLC ("MSSB") was organized as a Limited Liability Corporation under Delaware law with headquarters in New York, New York. MSSB is a wholly owned subsidiary of Morgan Stanley Smith Barney Holdings LLC, of which 51% is reportedly owned indirectly by Morgan Stanley & Co., Inc, and 49% by Citigroup Inc.

13. The corporate headquarters of MSSB is located at 1585 Broadway, New York, NY 10036.

14. MSSB offers a wide variety of financial products and provides financial services to a large and diversified group of clients, financial institutions and individuals. MSSB's businesses include financial advisory services, sales, and trading in fixed income securities and related products, including foreign exchange and investment activities and new issue distribution of fixed income, equity and packaged products. MSSB also offers brokerage and investment advisory services, financial and wealth planning services, annuity and insurance products, cash management and retirement plan services. As of December 31, 2010, MSSB reportedly had over $23 billion in assets.

657425                                                  4

## COLLECTIVE ACTION ALLEGATIONS

15. Plaintiff brings this action on behalf of himself and the Federal Collective Group pursuant to FLSA § 216(b).

16. Plaintiff is informed and believes that MSSB has thousands of employees in Covered Positions in the United States, including the District of Columbia and Puerto Rico, in the Federal Collective Group and believes that the total number of employees in Covered Positions in the Federal Collective Group during the Federal Eligibility Period exceeds that amount.

17. Plaintiff is similarly situated to the other members of the Federal Collective Group because they all: (a) worked for defendant in Covered Positions during the Federal Eligibility Period; (b) functioned exclusively or primarily as inside sales persons; (c) had limited or no administrative responsibilities; (d) were and are not professionals within the meaning of the FLSA; and (e) worked overtime hours without receiving overtime compensation. As a result, there are questions of law and fact common to plaintiff and the Federal Collective Group; and, therefore, plaintiff has a well-defined community of interest with and is an adequate representative of the Federal Collective Group.

18. The following questions of law and fact common to the Federal Collective Group predominate over questions which may affect only individual members of the Federal Collective Group:

    a. Whether defendant failed to adequately compensate the members of the Federal Collective Group for overtime hours worked as required by the FLSA, because plaintiff and the members of the Federal Collective Group are not exempt employees under the FLSA;

  b.  Whether the members of the Federal Collective Group have been damaged and, if so, the extent of such damages; and

  c.  Whether defendant willfully violated the FLSA and, if so, the extent of damages associated with such willful violation.

## CLASS ACTION ALLEGATIONS

19. Plaintiff also brings this action on behalf of himself and the New York Class, pursuant to Fed.R.Civ.P. 23.

20. Plaintiff is informed and believes that there are hundreds, if not thousands, of members of the New York Class; thus, the New York Class is so numerous that joinder of all class members is impractical.

21. There are questions of law and fact common to the plaintiff and the other members of the New York Class and, therefore, plaintiff is similarly situated to the other members of the New York Class and is an adequate representative of the New York Class.

22. The following questions of law and fact are common to the State Law Class and predominate over questions which may affect only individual members of the State Law Class:

  a.  Whether defendant failed to adequately compensate the members of the New York Class for overtime hours worked as required by the Labor Laws of New York, including 12 NYCRR § 142-2.2;

  b.  Whether defendant wrongfully deducted monies from the wages of the members of the New York Class and/or otherwise required New York Class members to pay for support staff and other overhead expenses and for reversed trades in violation of the Labor Laws of New York, including, without limitation, Labor Law Article 6 § 193;

   c. Whether the members of the New York Class have been damaged and, if so, the extent of such damages and whether the members of the New York Class are entitled to penalties and, if so, the extent of such penalties.

23. Plaintiff is asserting claims that are typical of the claims of the New York Class. Plaintiff will fairly and adequately represent and protect the interests of the New York Class and has no interests antagonistic to those of the other members of the New York Class. Plaintiff has retained attorneys who are competent and experienced in the prosecution of class and collective action litigation.

24. Plaintiff and the other members of the New York Class have suffered damages as a result of defendant's wrongful conduct. Because of the size of the claims of the individual members of the New York Class, few, if any, members of the New York Class could afford to seek legal redress for the wrongs complained of herein. A class action is, therefore, superior to other available methods for the fair and efficient adjudication of the controversy between plaintiff and the other members of the New York Class, and defendant.

## THE FACTS CONSTITUTING THE CLAIM

25. Defendant sells securities and other financial products with offices nationwide.

26. Plaintiff worked for defendant as a financial advisor.

27. Plaintiff was an inside sales person whom defendant paid on a commission basis without any premium for overtime pay as required by law.

28. Plaintiff's primary duties included contacting individuals who wished to purchase financial products, selling financial products to these individuals, assuring that client trades were successfully processed, and engaging in other activities to develop and service a book of business. As a financial advisor, plaintiff received a commission on sales. Under federal and

New York state law, compensation in the form of commissions is a "wage" for purposes of the overtime laws.

29.     In connection with his primary duty of selling financial products, plaintiff met regularly with clients, often meeting for lunch or dinner for which plaintiff paid and was not reimbursed by defendant.

30.     Plaintiff did not engage in marketing activity aimed at promoting (*i.e.*, increasing, developing, facilitating, and/or maintaining) customer sales generally for MSSB.

31.     Defendant did not pay plaintiff for hours worked above 40 hours per week, as required by law.

32.     Plaintiff regularly worked in excess of 40 hours per week.

33.     After the markets closed at 4 p.m. New York time, it was routine for plaintiff to continue to contact his own clients and potential clients and to complete necessary paperwork for several hours. Plaintiff also routinely made calls well after the market closed to potential clients in the Western United States where time differences made such a practice possible.

34.     Plaintiff regularly attended meetings at his branch office after the office closed for business.

35.     Defendant paid inside commission brokers solely on a 40-hour per week basis, and failed to pay those members of the Federal Collective Group and the New York Class for overtime hours worked.

36.     Defendant knew that the normal course of conduct for plaintiff and the members of the Federal Collective Group and the New York Class routinely included working more than 40 hours per week.

37. Defendant knew that it was not paying plaintiff and the members of the Federal Collective Group and the New York Class for hours worked in excess of 40 hours per week.

38. With respect to defendant's employees who were commission brokers in the New York Class, defendant impermissibly and unlawfully deducted from, or caused to be deducted from employees' wages compensation for (among other things, but not limited to these items) the salary and other overhead associated with the broker's assistant, trading errors, messenger services and salary "increments" for other support personnel.

39. Plaintiff paid for messenger services and overnight mail delivery in connection with servicing his clients and obtaining new clients without reimbursement by defendant.

40. In addition, as a result of the improper reduction in compensation described herein, the pensions of members of the Federal Collective Group and the New York Class were reduced since the level of pension depended upon the level of compensation.

41. Members of the Federal Collective Group and the New York Class who were "trainees" received a fixed salary.

42. A trainee was an employee of defendant who was learning the business of selling financial products and was preparing to take certain examinations required of securities brokers.

43. A trainee routinely remained in that position for approximately one to two years. If after that time he or she did not have a sufficiently large book of business he or she would lose his or her job.

44. Trainees routinely arrived at work at about 7:00 a.m. and did not leave work until well after the 4:00 p.m. closing.

45. In addition, trainees routinely worked during the evening hours and on Saturdays.

46. Plaintiff and the members of the Federal Collective Group were not "professionals" and did not perform executive or administrative functions as defined by the FLSA.

47. Plaintiff and the members of the New York Class were not "professionals" as defined by 12 NYCRR § 142-2.14(c) (4) (iii), and did not perform executive or administrative functions as defined in 12 NYCRR §§ 142-2.14(c)(4)(i) and 142-2.14(c)(4)(ii).

48. Plaintiff and the other members of the Federal Collective Group were not, and are not, outside salesmen as defined in the FLSA since they performed their sales functions inside defendant's offices.

**FIRST CAUSE OF ACTION**
**Restitution for Failure to Pay Overtime to the Federal Class**
**(Violation of FLSA § 207)**

49. Plaintiff incorporates by reference all of the allegations of all prior paragraphs as though fully set forth herein.

50. Section 207(a)(1) of the FLSA provides in pertinent part:

> Except as otherwise provided in this section, no employer shall employ any of his employees who in any work week is engaged in commerce or in the production of goods for commerce, for a work week longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1).

657425                                        10

51. Section 207(i) of the FLSA provides an exemption from the above provision for retail or service establishments. The Section 207(i) exemption does not apply to the Federal Collective Group herein because brokerage houses do not qualify as "retail or service establishments."

52. Section 213(a)(1) of the FLSA provides an exemption for employees in executive, administrative or professional capacities.

53. The Section 213(a)(1) exemption for executive or administrative personnel does not apply to members of the Federal Collective Group since they were not responsible for the supervision of defendant's other employees and since their primary duty is selling securities and other financial products to their individual clients.

54. The Section 213(a)(1) exemption for employees employed in a professional capacity is inapplicable to plaintiff and other members of the Federal Collective Group because securities brokers who receive compensation in the form of commission are not employed in a bona fide professional capacity.

55. The status of a securities broker is not a recognized profession in a field of science or learning, and the skills are acquired through experience and an apprenticeship and the passage of a series of exams through self-study rather than at any institution of higher learning.

56. There is no generally recognized advanced degree from an institution of higher academic learning related to work as a stock broker, and even if there were, it is not generally required to have such a degree in order to become a financial advisor employee of defendant.

57. Section 213(a)(1) also provides an exemption for employees employed in the capacity of outside salesperson. This exemption does not apply in this case because neither plaintiff nor the members of the Federal Collective Group were, or are, outside salespersons.

58. The outside salesman exemption does not apply to plaintiff and the other members of the Federal Collective Group because they were *not* customarily and regularly engaged in making sales away from defendant's places of business.

59. There are no other exemptions applicable to plaintiff and members the Federal Collective Group.

60. For purposes of the FLSA, the employment practices of defendant were and are uniform throughout the United States including the District of Columbia and Puerto Rico, in all respects material to the claims asserted in this Complaint.

61. As a result of defendant's failure to pay overtime, plaintiff and the members of the Federal Collective Group were damaged in an amount to be proven at trial.

62. In committing the wrongful acts alleged to be in violation of the Fair Labor Standards Act, defendant acted willfully in that it knowingly, deliberately and intentionally failed to pay overtime to plaintiff and the other members of the Federal Collective Group.

63. Therefore, plaintiff demands that he and the members of the Federal Collective Group be paid overtime compensation as required by the FLSA for every hour of overtime worked in any work week for which they were not compensated, plus liquidated damages, interest and attorneys' fees as provided by law.

## SECOND CAUSE OF ACTION
### Restitution for Failure to Pay Overtime to the New York Class
### (Violation of NYCRR § 142-2.2)

64.  Plaintiff incorporates by reference all of the allegations of all prior paragraphs as though fully set forth herein.

65.  NYCRR § 142-2.2 closely tracks the language of Section 207 of the FLSA.

66.  Plaintiff and all other members of the New York Class employed by defendant during the Class Period regularly work more than 40 hours per week, and were, or are, compensated on either (i) a straight commission basis with no base salary, or (ii) entirely on salary, in either case with no premium pay for hours worked in excess of 40 hours.

67.  The commissions of "commission salesmen" are "wages" within the meaning of New York Labor Law § 190 and, therefore, subject to the overtime pay requirements of New York Labor Law § 193.

68.  Members of the New York Class, those compensated on a commission basis as well as salaried broker trainees, are thus "employees" who receive "wages" within the meaning of New York Labor Law §§ 190(1) and 193.

69.  In addition, 12 NYCRR § 142-2.14 limits the administrative exemption to employees whose primary duty consists of the "performance of office or non manual field work directly related to management policies or general operations *of such individual's employer*" and, unlike the federal regulations, does not include employees whose primary duty is to perform support functions for the employer's *customers*.

70.  Employees whose primary duty is to perform support services for the defendant's customers, for which defendant is paid, are production employees not entitled to the administrative exemption. Specifically, the last sentence of 29 C.F.R. § 541.203(b) states that

657425                                   13

"an employee whose primary duty is selling financial products does not qualify for the administrative exemption."

71. A defendant bears the burden of proving that its employees fall within an exemption enumerated in 12 NYCRR § 142-2.14.

72. Because the provisions of the exemption are cumulative, each of the prerequisites must be satisfied, and thus, the absence of one of the requirements for the exemption ends the inquiry.

73. Plaintiff and members of the New York Class do not meet the definition of an administrative employee contained in 12 NYCRR § 142-2.14 because their primary duty is the sale of financial products to the employer's customers and they do not "perform[] ... office or non manual field work directly related to management policies or general operations of such individual's employer."

74. There are no other exemptions potentially applicable to plaintiff and members of the New York Class.

75. As a result of defendant's failure to pay overtime, plaintiff and the members of the New York Class were damaged in an amount to be proven at trial.

76. Therefore, plaintiff demands that he and the members of the New York Class be paid overtime compensation as required by New York Labor Law for every hour of overtime worked in any work week for which they were not compensated, plus interest and attorneys' fees as provided by law.

## THIRD CAUSE OF ACTION
### Impermissible Deductions from Employees' Wages
### (New York Labor Law § 193)

77. Plaintiff incorporates by reference all of the allegations of all prior paragraphs as though fully set forth herein.

78. New York Labor Law expressly prohibits employers from making unauthorized deductions from employees' wages.

79. New York Labor Law § 193 provides:

**Deductions from wages:**

> 1. No employer shall make any deduction from the wages of an employee, except deductions which:
>
>> a. are made in accordance with the provisions of any law or any rule or regulation issued by any governmental agency; or
>> b. are expressly authorized in writing by the employee and are for the benefit of the employee; provided that such authorization is kept on file on the employer's premises. Such authorized deductions shall be limited to payments for insurance premiums, pension or health and welfare benefits, contributions to charitable organizations, payments for United States bonds, payments for dues or assessments to a labor organization, and similar payments for the benefit of the employee.
>
> 2. No employer shall make any charge against wages, or require an employee to make any payment by separate transaction unless such charge or payment is permitted as a deduction from wages under the provisions of subdivision one of this section.

N.Y. LAB. LAW § 193.

80. Thus, Section 193 prohibits deductions from employees' wages unless the deductions are (1) "expressly authorized" by and "for the benefit of the employee" and, (2) are limited to the enumerated categories of permissible deductions.

81. Plaintiff never "expressly authorized" defendant to withhold wages for any purposes other than those that benefited him directly such as health care premiums or retirement funds.

82. Wages are defined as "the earnings of an employee for labor or services rendered, regardless of whether the amount of earnings is determined on a time, piece, commission or other basis." N.Y. LAB. LAW § 190(1).

83. Deduction of overhead expenses provides a direct benefit to the employer, and only indirectly and tenuously benefits the employee. Furthermore, payment of the employer's overhead expenses certainly may not be likened to deductions for insurance or investment programs that are acceptable under the statute.

84. Thus, the deductions at issue violate Section 193 because they are neither for the benefit of the employee nor of a type allowable under the statute.

85. As a result of defendant's improper deductions from compensation, plaintiff and the members of the New York Class were damaged in an amount to be proven at trial.

86. Therefore, plaintiff demands that defendant reimburse any members of the New York Class from whom it improperly withheld a portion of their compensation in order to pay overhead expenses of the defendant, including payment for losses associated with inadvertent or negligent errors incurred in purchase or sales of financial products, plus interest and attorneys' fees as provided by law.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiff, on behalf of himself and other members of the Federal Collective Group and the New York Class defined herein, pray for judgment and relief as follows:

1. An order certifying that the action may be maintained as a collective action and class action on behalf of the Federal Collective Group and the New York Class, respectively;

2. Compensatory damages at one and one half the regular rate of pay for all hours worked in excess of forty a week in an amount to be proven at trial;

3. Compensatory damages for improper deductions from compensation in an amount to be proven at trial;

4. Disgorgement of profits derived from defendant's improper use of funds due and owed to plaintiff and the members of the Federal Collective Group and the New York Class;

5. Reasonable attorneys' fees;

6. Costs of this suit;

7. Pre- and post-judgment interest;

8. Such other and further relief as the Court may deem necessary and appropriate; and

9. No penalties (statutory or otherwise), liquidated damages or punitive damages of any kind under New York law are sought in this action and are expressly waived.

Dated: New York, New York
April 28, 2011

By: /s/ Robert Abrams
WOLF HALDENSTEIN ADLER
FREEMAN & HERZ LLP
Jeffrey G. Smith (JS 2431)
Robert Abrams (RA 7559)
Matthew M. Guiney (MG 5858)
270 Madison Avenue
New York, NY 10016
Telephone: (212) 545-4600
Fax: (212) 545-4653

*Attorneys for the Plaintiff*